UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WILLIAM CABAN, Jr.

                Plaintiff,

    - against -

JOSE MALDONADO, employee of the New York
City Police Department,

                Defendants.

------------------------------------------------------------------x

12 CIV 8190

COMPLAINT

RECEIVED NOV 09 2012 U.S.D.C. S.D.N.Y. CASHIERS

Jury Trial Demanded

William Caban, by his attorney, The Law Office of Matthew Flamm, alleges the following upon information and belief as his Complaint:

### Nature of the Action

1.    This civil rights action arises from defendant's participation in the August 25, 2010 arrest and subsequent prosecution of William Caban, Jr. on the false claim that he criminally trespassed at 630 Stanley Avenue, Brooklyn, New York, New York, a building which is part of a New York City Housing Authority development known as the Linden Houses. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff William Caban, Jr. is a citizen of the United States of America residing in the State and City of New York, County of Kings. He is Hispanic of Puerto Rican heritage, twenty one years of age, and has lived for more than ten years at 640 Stanley Avenue, part of the Linden Houses, with his mother and sister. Other than the incidents underlying this lawsuit, Mr. Caban has not been arrested.

5. Defendant Jose Maldonado, Shield 561, ( the "individual defendants"), was at all times relevant a duly appointed and acting police officer acting within the scope of his employment by defendant City of New York's Police Department and assigned, upon information and belief, to the Housing Bureau's Police Service Area 2 in Brooklyn, New York.

6. The individual defendant is liable for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Caban was subjected despite having a reasonable opportunity to do so. He is sued in his individual capacity.

7. At all times relevant, the individual defendants were acting under color of state law.

Facts Underlying
Plaintiff's Claims for Relief

8. On or about August 25, 2010 at and around 8:00 p.m., defendant Maldonado and his partner, Vladimir Ravich, accosted and then unlawfully detained and arrested William Caban on the false claim of criminally trespassing in 630 Stanley Avenue, a building next to plaintiff's home at 640 Stanley Avenue;

both buildings are in the New York City Housing Authority development known as the Linden Houses./[1]

9. Mr. Caban and a friend, Caleb Polanco, had been visiting with Mr. Polanco's godfather, who lives at 630 Stanley Avenue, Apartment 3D.

10. Mr.'s Caban and Polanco left the building to go to a nearby McDonald's on Peninsula Avenue when they were approached by defendant Maldonado and his partner.

11. Plaintiff was not involved in illegal activity and the individual defendant had no lawful justification to stop, question, or arrest Mr. Caban.

12. Defendant's partner Ravich handcuffed plaintiff purposefully tightly and Mr. Caban complained.

13. Plaintiff was taken in handcuffs to the 75th Precinct Stationhouse where he was imprisoned until Mr. Caban was eventually taken to Brooklyn Central Booking.

14. Defendant and others prepared or allowed to be prepared false police reports accusing William Caban of crimes.

15. While Caban was awaiting arraignment, defendant caused or allowed others to make false statements to the Kings County District Attorney's Office supporting prosecution.

16. The false statement caused plaintiff to be prosecuted under Kings County Docket 2010KN068155 on false charges of Trespass in the Second Degree (P.L. §140.15[1], a misdemeanor punishable up to one year in jail), Criminal

---

1. The Linden Houses consist of nineteen residential buildings with approximately sixteen hundred apartments and three thousand residents. It is bounded by Vermont Street and Stanley, Schenck and Cozine Avenues.

Trespass in the Third Degree (P.L. §140.10[e], a B misdemeanor punishable by up to three months in jail) and Trespass (P.L. §140.05, a violation).

17. Mr. Caban was arraigned, released, and required, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court to defend against the baseless charges until, on October 28, 2010, the prosecution was dismissed in the interests of justice and in a manner not inconsistent with plaintiff's innocence.

18. The individual defendant, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Caban.

19. Defendant's acts and omissions caused Mr. Caban to suffer physical injury to his right wrist and arm, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries. In addition to suffering the indignities and physical discomforts and privations of the arrest-to-arraignment process, plaintiff still has pain in and a disability to his right wrist and elbow.

20. The individual defendant, at all times relevant, and in stopping, arresting, and imprisoning plaintiff, and in allowing false evidence to be offered to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST THE INDIVIDUAL DEFENDANT

21.  Plaintiff repeats the allegations of paragraphs 1-21 above as though fully stated herein.

22.  The conduct of the individual defendant as described herein amounted to unlawful seizure and malicious prosecution in violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution and deprived Mr. Caban of his rights to be free and secure in his person, to be free from arrest or search except on probable cause or pursuant to warrant and to be free from deprivation of liberty caused by prosecution without probable cause and with actual malice.

23.  As a consequence thereof, William Caban has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)  that Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated;

(B)  Compensatory damages in an amount to be fixed at trial;

(C)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendant MALDONADO in an amount to be fixed at trial;

(D)  An award to plaintiff of the costs and disbursements herein;

(E)   An award of attorney's fees under 42 U.S.C. §1988; and

(F)   Such other and further relief as this Court may deem just and proper.

Dated: November 9, 2012
      Brooklyn, New York

                                  The Law Office of Matthew Flamm
                                  Attorney for Plaintiff
                                  26 Court Street, Suite 600
                                  Brooklyn, New York 11242
                                  (718) 797-3117

                                  _____
                                  Matthew Flamm